# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-0856
LT Case No. 2018-CF-10446

_____

RASHAUN COOPER,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

3.850 appeal from the Circuit Court for Duval County.
R. Anthony Salem, Judge.

Rashaun Cooper, Mayo, pro se.

Ashley Moody, Attorney General, and Adam Wilson, Assistant Attorney General, Tallahassee, for Appellee.


September 22, 2023

WALLIS, J.

Rashaun Cooper (Appellant) appeals the trial court's summary denial of his Rule 3.850 Motion following his negotiated plea of guilty to counts of Attempted Armed Robbery, Attempted Second-Degree Murder, Witness Tampering, Possession of a Firearm by a Juvenile Delinquent Found to Have Committed a Felony Act, and Resisting an Officer without Violence. Appellant

raises five claims of ineffective assistance of counsel on appeal. We reverse as to one of the listed claims.

Appellant entered a negotiated plea receiving fifteen-year concurrent sentences on three of the charged counts. Two counts carried ten-year minimum mandatory sentences. The remaining two counts were dropped. During the plea colloquy Appellant expressed reluctance about entering the plea but ultimately desired to do so because it was in his best interest.

In Ground Five of his motion, Appellant argued that his trial counsel was ineffective for failing to investigate and present the defense that the victim made a statement saying that Appellant was not the perpetrator. Appellant asserts that if he had known of this defense to the charge he would not have pled and would have insisted on going to trial. We agree with the postconviction court that if Appellant told his attorney about this statement, he was "clearly aware" of it to support his defense of innocence. We also agree that the postconviction court's attachments show that trial counsel conducted significant discovery, deposed many witnesses, engaged in pretrial motion practice, and sought funding for an investigator. However, the attachments fail to conclusively refute Appellant's specific claim that the victim made the exculpatory statement that could help his defense. *See Peede v. State*, 748 So. 2d 253, 257 (Fla. 1999) ("To uphold the trial court's summary denial of claims raised in a 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record."); *Aquino v. State*, 178 So. 3d 970, 970 (Fla. 5th DCA 2015) (reversing summary denial of two postconviction claims because attached portions of the record did not conclusively refute appellant's allegations regarding those claims). Finally, the plea colloquy demonstrates that the Appellant was entering a plea in his best interest because he was receiving two concurrent fifteen-year sentences as opposed to a potential maximum exposure of two life terms, not because he was guilty.

Accordingly, we reverse the denial of Ground Five and remand for the trial court to either attach additional records refuting Appellant's claim or hold an evidentiary hearing. *See, e.g.*, *Dungey v. State*, 359 So. 3d 1261, 1262 (Fla. 5th DCA 2023) (remanding for attachment of additional records or evidentiary hearing).

AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS.

KILBANE and PRATT, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————